**In re Anonymous No. 3 D.B. 87**

Disciplinary Board Docket no. 3 D.B. 87.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MUNDY, *Member*, December 18, 1987—Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the within petition for discipline.

## HISTORY OF PROCEEDINGS
## AND FINDINGS OF FACT

Respondent was admitted to the practice of law in the Commonwealth of Pennsylvania in 1978 and practiced law from offices located in [ ]. His most current address, and the address at which notice of the date and time of the disciplinary hearing sent by registered mail was acknowledged by written receipt is [ ].

Respondent is charged with having converted $8,500 in client funds from [A] Industries Inc. whom he represented in a dispute arising out of a commercial transaction with The [B] Shop. Specifically, respondent was retained to defend [A] in a suit brought by [B] over payment for certain metal plates ordered by defendant but not paid for because of a contention that they were lacking in specifications.

At respondent's suggestion, the sum of $8,500 was transmitted by [A] to respondent for the purpose of being placed in escrow to be used either in settlement or for the payment of any judgment. No part of the funds were to be used for fee purposes. The underlying litigation between [B] and [A] was commenced in November 1983. On March 16, 1984, the comptroller of [A] provided respondent with an [A] check in the amount of $8,500 payable to "[Respondent], Esquire escrow." In fact, re-

spondent did not have an escrow account and deposited the funds in an unrestricted account for his own use.

It appears that after June 1985, respondent did little or nothing with respect to the litigation. When principals at [A] began having difficulty communicating with their own counsel, they decided to take matters in their own hands. As a result, [C], the comptroller of [A], contacted counsel for plaintiff [B] and entered into settlement negotiations. The matter was settled upon the payment of $4,050 directly by [C] on behalf of [A] to counsel on behalf of [B]. The payment came from [A] funds and not from the previously referred to "escrow." Thereafter, respondent was contacted by [C] and admitted that he had spent the $8,500 and did not have the funds to pay back his client.

On January 7, 1986, respondent signed a statement in which he admitted the conversion of the $8,500 which had been given to him as "an escrow payment." He also signed a promissory note promising to repay this sum by February 1, 1986.

The monies were not repaid when due, and in fact, have never been repaid by respondent to [A]. A complaint was made to the Office of Disciplinary Counsel as a result of which the instant petition for discipline was filed on February 3, 1987. The petition alleged 12 violations of the disciplinary rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(3), prohibiting conduct involving moral turpitude;

(b) D.R. 1-102(A)(4), prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation;

(c) D.R. 1-102(A)(5), prohibiting conduct prejudicial to the administration of justice;

(d) D.R. 1-102(A)(6), prohibiting other conduct that adversely reflects upon the fitness to practice law;

(e) D.R. 6-101(A)(3), prohibiting the neglect of a legal matter: ·

(f) D.R. 7-101(A)(1), prohibiting a lawyer from intentionally failing to seek the lawful objectives of his client;

(g) D.R. 7-101(A)(2), prohibiting an attorney from intentionally failing to carry out a contract of employment with a client;

(h) D.R. 7-101(A)(3), prohibiting a lawyer from intentionally prejudicing or damaging his client during the course of a professional relationship;

(i) D.R. 9-102(A), requiring that funds belonging to a client be kept in a separate identifiable account;

(j) D.R. 9-102(B)(2), requiring a lawyer to identify and label security belonging to a client and to place same in a place of safekeeping;

(k) D.R. 9-102(B)(3), requiring a lawyer to maintain complete records of all funds belonging to a client;

(l) D.R. 9-102(B)(4), requiring a client · to promptly deliver properties of a client held in his possession upon request.

Pursuant to the certified notice, receipt of which was acknowledged in writing, a hearing was held before Hearing Committee [　　] on May 11, 1987. Respondent did not appear in person nor did anyone appear on his behalf. Testimony was taken by the committee, which essentially verified the facts alleged in the petition for discipline as referred to in this summary.

Thereafter, although the report and recommendations of the hearing committee were mailed to respondent, no exceptions, modifications or requests for briefing or oral argument was made by or on behalf of respondent.

## CONCLUSIONS OF LAW

On the basis of the foregoing uncontested facts, we find respondent to have violated the following disciplinary rules:

(a) D.R. 1-102(A)(3): A lawyer shall not engage in illegal conduct involving moral turpitude;

(b) D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(c) D.R. 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

(d) D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

(e) D.R. 6-101(A)(3): A lawyer shall not neglect a legal matter entrusted to him;

(f) D.R. 7-101(A)(1): A lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available, lawful means;

(g) D.R. 7-101(A)(2): A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services;

(h) D.R. 7-101(A)(3): A lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship;

(i) D.R. 9-102(A): All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to a lawyer or law firm shall be deposited therein;

(j) D.R. 9-102(B)(2): A lawyer shall identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable;

(k) D.R. 9-102(B)(3): A lawyer shall maintain complete records of all funds, securities and other properties of a client coming into possession of a lawyer and render appropriate accounts to his client regarding them; and

(l) D.R. 9-102(B)(4): A lawyer shall promptly pay or deliver to a client as requested by a client the funds, securities, or other properties in possession of the lawyer which the client is entitled to receive.

## DISCUSSION

The hearing committee unanimously recommended that respondent be disbarred from the practice of law. Respondent has not chosen not to take exception to this recommendation.

This case bears substantial similarity to the case of *Matter of Leopold*, 469 Pa. 384, 366 A.2d 227 (1976). In *Leopold* the respondent had been advanced a sum of $5,500 by a client to be held in escrow against the potential claim of another. In this case, respondent was advanced the sum of $8,500 for the same purpose. In *Leopold*, as here, respondent, after converting the monies for his own use, made no attempt at restitution. In ordering the disbarment of the respondent in *Leopold*, Chief Justice O'Brien stated the following:

"Petitioner had no legal claim to the possession or use of the funds beyond the terms agreed to with his client. Here we find it appropriate to emphasize that this petitioner's failure to make any recognizable effort to restore the misappropriated funds to his former client smacks of an irremissible indifference to his ethical obligations." *Id.* at 398, 366 A.2d at 234.

The disciplinary board of the Supreme Court accepts the recommendation of the hearing committee and respectfully requests this honorable court to disbar respondent.

Mr. Douglas did not participate in the adjudication.

## ORDER

And now, June 6, 1988, upon consideration of the report and recommendation of the disciplinary board dated December 18, 1987, it is hereby ordered that [respondent] be and he is disbarred from the bar of this commonwealth, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.